# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1844 | **DATE** | 2/6/2001 |
| **CASE TITLE** | McCARTIN McAULIFFE MECHANICAL vs. AKZO NOBEL CHEMICALS, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Defendant Akzo's motion to dismiss McCartin's amended complaint [7-1] is denied. Enter Memorandum Opinion and Order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 7 2001 date docketed | |
| | Notified counsel by telephone. | | | 27 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CG courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| McCARTIN McAULIFFE MECHANICAL CONTRACTOR, INC., an Indiana corporation ) ) ) | |
| Plaintiff, ) ) | Case No. 00 C 1844 |
| v. ) ) | Judge Guzman |
| AKZO NOBEL CHEMICALS, INC., a Delaware corporation ) ) ) ) | FEB 7 2001 |
| Defendants ) | |

## MEMORANDUM OPINION & ORDER

McCartin McAuliffe Mechanical Contractor, Inc., ("McCartrin") has sued Akzo Nobel Chemicals, Inc. ("Akzo") on two counts. Count one (I) alleges that Akzo materially breached the construction contract entered into between the parties on April 21, 1999 ("contract"). (Am. Compl. ¶9), Count two (II) alleges repudiation of the contract by Akzo (Am. Compl. ¶ 34). Defendant Akzo has moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below this motion is denied. (# 7-1).

## BACKGROUND FACTS

McCartin and Akzo agreed to a planned contract schedule for sixteen (16) continuous weeks of mechanical work. (*Id.* at ¶6). The Plans and Specifications of the contract were also impliedly warranted for accuracy, completeness, and constructability under the *Spearin* doctrine. (*Id.* at ¶7). McCartin accounted for its price based on the contract schedule (specified start and finish dates, absence of phases, milestone dates, priorities of systems included and work areas), and Plans and Specifications. (*Id.* at ¶8). The agreed upon completion date was to be November 30, 1999. (*Id.* at ¶11) The last performed work was to be completed by December 17, 1999, seventeen (17) days after the agreed upon end date. (*Id.*) One week after Akzo and McCartin

27

entered into the contract. Akzo allegedly "imposed priorities and separate completion dates for the 13 areas and systems included in the Project." (*Id.* at ¶13.) These thirteen phases, priorities, and separate completion dates were in addition to and outside the scope of the April 21, 1999 contract. (*Id.*) McCartin alleges that because of these numerous additional phases, it's work was compressed and the rate of manpower on the Project was accelerated resulting in twelve "build-ups" within the sixteen week duration, repeating the performance of activities that McCartin intended to only perform once, additional indirect labor and equipment costs, and unreasonable interference by other contractors whom Akzo required to perform work (*Id.* at ¶14). McCartin alleges that this "constructive acceleration" materially breached the contract, express and implied duties under the contract and as a result damaged McCartin.

Plaintiff McCartin further alleges that Akzo impliedly warranted that the project would be free of defects but it was not. These design deficiencies resulted in changes, and Akzo failed to timely act to remedy and administer the resulting changes. (*Id.* at ¶¶17-23, 28(c), 28(g)). Akzo's alleged failure and refusal "to address the design corrections and changes in an organized fashion, and the inordinate number of such corrections and changes ultimately caused performance of the work to be disrupted and delayed. (*Id.* at ¶ 20).

Akzo also allegedly made an "inordinate" number of changes that increased McCartin's scope of work resulting in the cumulative impacts of hindrance, disruption, and additional performance of work. (*Id.* at ¶¶ 14-20.) These repeated changes in the scope of the original Plans and Specifications, and errors and omissions within, allegedly resulted in additional costs to McCartin. (*Id.* at ¶ 14-16). This alleged breach of Akzo's implied duty of good faith and fair dealings in the contract damaged McCartin. (*Id.* at ¶¶ 23, 27(c), 28(c), 28(g), 31).

Finally McCartin complains that Akzo directed the acceleration of McCartin's work by requiring overtime despite the express contract provision that McCartin's work would be performed on a "40-hour week" (*Id.* at ¶¶ 24, 27(f), 28(f)). This acceleration caused numerous problems on the project for which McCartin did not receive the extensions on the contract completion date as requested. (*Id.* at ¶ 25). This expressly directed acceleration damaged

McCartin. (*Id.* at ¶ 26, 31).

## DISCUSSION

Count I and Count II make the same factual allegations, but request different relief. (*Id.* at ¶¶ 1-33). Count I requests judgment in favor of McCartin in a specific monetary amount, plus interest and costs, and other relief that this court deems appropriate. (*Id.* at ¶ 33). Count II requests, in the alternative, to prevent unjust enrichment of Akzo by McCartin, recovery of the value of the expenses incurred by McCartin in performing its work if the Contract is found to have been repudiated by Akzo. (*Id.* at ¶37).

Under Rule 12(b)(6), the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). When deciding a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Broad of Educ.* 699 F.Supp. 1283, 1285 (N.D.Ill.1988); *see also* Federal Rule of Civil Procedure 12(b)(6). If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. See Fed.R.Civ.P. 12(b)(6); *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7 th Cir., 1987). If it appears beyond a doubt that the plaintiff cannot prove any set of facts entitling him to relief, only then may the court dismiss the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendant alleges that Counts I and II should be dismissed because Rule 10(b) provides that each claim founded upon a separate occurrence should be stated in a separate count when such separation would facilitate clear presentation of the issues. Fed. R. Civ. Pro. 10(b). Akzo alleges that it "is entitled to know what provisions of its contract it allegedly breached and what damages plaintiff alleges to have suffered . . . .In other words, Defendant is seeking some separation of plaintiff's claims, and to be told what specific provisions of the contract were allegedly breached" and the resulting damages. (Def. Mot. To Dismiss ¶ 1).

Plaintiff McCartin has set forth separately numbered paragraphs containing allegations all

3

arising from a single set of circumstances divided into 39 numbered paragraphs. Since this is the pleading stage, the applicable rule is Rule 8, which calls for a liberal pleading standard. Fed. R. Civ. Pro. 8 (a). Plaintiff McCartin has complied with Rule 8. Could the complaint better separate the claims, yes. But that it sufficiently does so is attested to by defendant's own motion to dismiss. Defendant has had no difficulty in separating and identifying plaintiff's causes of action. Therefore, this court will not dismiss Counts I and II based on Defendant's Rule 10(b) argument.

In the alternative, Akzo argues that nothing supports Plaintiff's claim of breach. Defendant Akzo alleges "there was no contractual limitation on the number of change orders that could be issued. Defendant states, "In short, nothing in the contract supports Plaintiff's claim that it is entitled to recover overall project labor inefficiencies because there were lots of change orders." But this is not all that the complaint alleges. It is not necessary that the allegation of too many change orders stand alone as a separate cause of action. This court must examine all facts and reasonable inferences derived from the facts alleged in the complaint in a light most favorable to the Plaintiff. It is not beyond doubt that the Plaintiff, based on the facts alleged in the complaint and the reasonable inferences drawn therefrom, could prove that Akzo's conduct in initiating such change orders prevented McCartin from completing the work within the original contract period in a manner that violated its duty to deal in good faith and not to hinder or delay McCartin's performance.

In their third attack defendants argue that plaintiff has failed to plead the necessary elements to support a constructive acceleration cause of action. In *Board of Trustees of University of Illinois v. U.S. Fidelity & Guarantee Company ("USFG")*, the United States Fidelity and Guarantee Company ("USFG") asserted a claim of constructive acceleration setoff in defense to the University of Illinois' ("U of I") motion for summary judgment. No. 90 C 1281 2112, 91C 6665, 1992 WL 162983 at *1 (N.D. Ill. Jul. 2, 1992). Because it found a disputed issue of fact existed as to whether a further extension of the completion date should have been granted to USFG and whether USFG was required to comply with an accelerated completion date, the court denied the U of I's request for summary judgment on the USFG's constructive

4

acceleration claim. Id. at 16. Clearly at the pleadings stage of the proceedings in which we find ourselves in the case at bar, we can not say that plaintiff will be unable to prove any set of facts sufficient to allow judgment in its favor on the constructive acceleration claim. Perhaps after discovery in a motion for summary judgment such a determination may be possible. At that stage we may be able to determine whether or not facts exist sufficient to fulfill all of the elements of this cause of action, but certainly not now. At this stage plaintiff's complaint has fairly put defendant on notice as to the misconduct alleged. That is all that is required.

In *Nello L. Teer Co. v. Washington Metropolitan Area Transit Authority*, ("Teer") *Teer*, a construction contractor appealed from a final decision of the general manager of Washington Metropolitan Area Transit Authority concerning equitable adjustment of contract that substantially adopted the advisory opinion of the Corps of Engineers Board of Contract Appeals, 695 F.Supp. 583, 583-585 (D.D.C. Jul 18, 1988). *Teer* asserted that it completed the contract on time upon WMATA's insistence, and in light of WMATA's "refusal" to extend the time. *Id.* Teer alleges constructive acceleration by WMATA's threat to withhold progress payments, and allusion to liquidated damages. *Id.* The Board of Contract Appeals, found that an extension of time was an appropriate remedy for delay, but no acceleration occurred based on the words or actions of WMATA since WMATA did not make a clear demand that the project be completed on time. *Id.* Further, "the Board did not believe that the delayed easements would have resulted in massive delays but for an acceleration..., [n]or did the Board believe that the.. delays caused the work to be constructively accelerated or actually resulted in the bulk of the experienced delays to completion dates." *Id.* The Court denied *Teer's* motion for summary judgment because *Teer* failed to prove that the Board erred in determining no constructive acceleration claim was present. *Id.* at 594. The court set forth the following elements to recover for constructive acceleration:

> [I]n order to recover acceleration costs, a contractor must establish three things: 1) that any delays giving rise to an acceleration order were excusable; 2) that the contractor was ordered to accelerate; and 3) that the contractor actually accelerated, incurring additional costs.

5

*Id.* at 590 (citing *Norair Engineering Corp. v. United States*, 229 Ct.Cl. 160, 666 F.2d 546, 548 (1981); see also *2 R. Nash & J. Cibinic, Federal Procurement Law* 1240 (3d ed. 1980) Taking the facts in McCartin's complaint as true, and assuming all reasonable inferences in its favor, the elements for constructive acceleration are sufficiently stated. Therefore, Defendant's motion to dismiss for failure to state a constructive acceleration claim is denied.

Finally, Defendant Akzo alleges that Count II of Plaintiff McCartin's amended complaint should be dismissed for failure to state a legally cognizable claim. While Count II alleges contract repudiation, it requests recovery for unjust enrichment in quantum meruit, thus Defendants argue it is an alternative claim for recovery under Count I. (Am. Compl. ¶¶ 34-39). It is well established, that a Plaintiff cannot pursue a quasi-contractual claim where there is an enforceable express contract between the parties. *Barry Mogul and Associates, Inc. v. Terrestris Development Co.*, 267 Ill. App. 3d 742, 643 N.E.2d 245 (2nd Dist. Nov. 21, 1994). See, e.g., *Zadrozny v. City Colleges*, 220 Ill.App.3d 290, 295, 581 N.E.2d 44 (1991); *Prodromos v. Poulos*, 202 Ill.App.3d 1024, 1032, 560 N.E.2d 942 (1990); *Board of Directors of Carriage Way Property Owners Association v. Western National Bank*, 139 Ill.App.3d 542, 547, 487 N.E.2d 974 (1985). The court relied on *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.*, 104 Ill.App.3d 357, 432 N.E.2d 999 (1982), in providing the foundation for this rule. *Mogul*, 643 N.E.2d at 252.

> Difficulties arise with quasi-contractual claims when there is an express contract between the parties. The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. [Citations omitted] The reason for this rule is not difficult to discern. When parties enter into a contract, they assume certain risks with an expectation of a return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasi-contract for recovery. This the law will not allow. Quasi-contract is not a means for shifting a risk one has assumed under contact."

*Id.* (citing *Industrial Lift*, 104 Ill.App.3d at 360-61, 432 N.E.2d 999.)

While McCartin may not resort to quantum meruit to avoid the risk it assumed under the express

6

contract with Akzo, this court may not determine the substantive issues of fact at the motion to dismiss stage. Even though Count II of Plaintiff's amended complaint appears to seek recovery under quantum meruit, if the well-pleaded facts of the complaint state a viable cause of action, Plaintiff should be allowed to proceed under that theory at the pleading stage. The issue before us is addressed in Professor Corbin's Contract treatise:

> The statement is frequently found that where the parties have made an express contract the law will not imply one. This is a misleading statement, even though some truth is concealed within it. It is more accurate, even though not very useful as a working rule to say that where the parties have made an express contract, the court should not find a different one by 'implication' concerning the same subject matter if the evidence does not justify an inference that they intended to make one. Of course, even in the absence of any express promise or contract, an implied promise or contract should not be found to exist unless the conduct of the parties, under the existing circumstances, makes such an inference or implication reasonable. But the fact that an express contract has been made does not prevent the parties from making another one tacitly, concerning the same subject matter or a different one.

*Mogul*, 643 N.E.2d at 253. (citing 3 A. Corbin, Corbin on Contracts § 564, at 292-93 (1960)). To find an implied contract thereby allowing for recovery for the Plaintiff would not necessarily be inconsistent with a prior express agreement between the parties. *Id.* Whether or not such an event occurred, however, remains to be seen. It is for this reason that pleading in the alternative is allowed. Therefore, Count II of Plaintiff's amended complaint cannot be dismissed for failure to state a claim at this juncture.

## CONCLUSION

For the reasons set forth above, Akzo's motions to dismiss McCartin's amended Complaint is denied (#7-1).

SO ORDERED

ENTERED: February 6, 2001

HON. RONALD A. GUZMAN
United States Judge

7